# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SELECT RESEARCH, LTD., | Case No. 4:23-CV-00865-SDJ |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., ET AL. | |
| Defendants. | |

**JOINT MOTION FOR MODIFICATION OF ORDER GOVERNING PROCEEDINGS**

I.      INTRODUCTION

In light of the technical nature of this case alleging trade secret misappropriation, the parties hereby jointly request that the Order Governing Proceedings (Dkt. 47) be modified to extend the deadline for the exchange of Mandatory Initial Disclosures to two weeks after the Rule 16 management conference in this matter.

II.     ARGUMENT

In this case, Plaintiff Select Research, Ltd. ("SRL") alleges that Amazon.com, Inc. and Amazon.com Services, LLC (together, "Amazon") have misappropriated SRL's trade secrets and incorporated them into their Halo and "Made for You" products.  *See* Dkt. 26 (First Amended Complaint).  SRL's original Complaint also asserted claims for patent infringement against the Halo product, *see* Dkt. 1 ¶¶ 98-128, but those claims are no longer in the case.

On May 15, 2024, the Court issued an Order Governing Proceedings that appeared tailored for a patent case.  Dkt. 44 ("First OGP").  For example, the First OGP discussed deadlines for infringement and invalidity contentions.  *Id.* at 14-15.  Also, apparently in recognition of the discovery burden placed on defendants responding to allegations that technology has wrongfully been incorporated into their products, the First OGP set the deadline for Mandatory Initial Disclosures at five weeks after the case management conference.  *Id.* at 14.  Notably, that Mandatory Initial Disclosure deadline did not require production of all relevant documents.  *Id.* at 4-5.

On May 20, 2024, noting that there are no patent claims currently in this case, the Court withdrew the First OGP and entered a new Order Governing Proceedings ("Second OGP").  *See* Dkt. Nos. 46, 47.  The Second OGP sets a much earlier, before-the-management-conference, deadline for Mandatory Initial Disclosures of June 20, 2024.  Dkt. 47 at 1.  It further requires that

those disclosures include "[a] copy of all documents, ESI, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party." *Id.* at 4.

The parties believe that, given the technical nature of this case, a case schedule closer to that set forth in the First OGP is more appropriate. In addition, it is Amazon's position that the pleadings do not sufficiently identify SRL's alleged trade secrets in a way that would allow Amazon to efficiently search for and produce all responsive documents about two different accused products within a month. *See* Dkt. 33 at 22-26, 30; *see also StoneEagle Servs., Inc. v. Valentine*, No. 3:12-CV-1687-P, 2013 WL 9554563, at *2 (N.D. Tex. June 5, 2013) (noting that requiring the plaintiff to provide a list of trade secrets would allow "the Court and Defendants … to more accurately determine relevant responses and appropriate objections."). The parties have met-and-conferred on this issue, and SRL has expressed a willingness to provide Amazon additional information regarding its alleged trade secrets via early discovery. SRL further expressed its intention to file a Third Amended Complaint to include such additional information as may be necessary for the public record to properly reflect the dispute between the parties after that limited discovery takes place. The parties intend to move efficiently, but Amazon believes that, no matter how quickly the parties move, it will be difficult, if not impossible, for it to: (1) better understand SRL's trade secrets; and then (2) search for and produce all technical documents relevant thereto, all within a month.

The parties do not seek this motion for purposes of delay, but rather to improve the efficiency of the discovery process in this case for the parties and the Court.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown, the parties jointly request that the

Order Governing Proceedings (Dkt. 47) be modified to extend the deadline for the exchange of Mandatory Initial Disclosures to two weeks after the Rule 16 management conference, which is currently scheduled for July 10, 2024.  The parties will be prepared to discuss any additional changes to the Order Governing Proceedings at the Rule 16 case management conference.

Dated:  May 24, 2024                              HUESTON HENNIGAN LLP

By:  /s/ *Christina V. Rayburn*
Moez M. Kaba (CA SBN 257456)
Christina V. Rayburn (CA SBN 255467)
523 West 6th St., Suite 400
Los Angeles, CA 90014
Phone:  (213) 788-4340
mkaba@hueston.com
crayburn@hueston.com

/s/ *Deron R. Dacus*
Deron R. Dacus (Bar No. 00790553)
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
ddacus@dacusfirm.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

and

/s/ *Donald R. McPhail*
Donald R. McPhail (admitted)
MERCHANT & GOULD PC
1900 Duke Street, Suite 600
Alexandria, Virginia 22314
Tel: (703) 518-4516
Fax: (612) 332-9081
Email: dmcphail@merchantgould.com

*Attorney for Plaintiff Select Research, Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this May 24, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*Christina V. Rayburn*
Christina V. Rayburn

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for both parties met and conferred on this motion and that this motion is joint.

*Christina V. Rayburn*
Christina V. Rayburn
