UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SELECT RESEARCH, LTD. | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-865-SDJ |
| | § | |
| AMAZON.COM, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants Amazon.com, Inc. and Amazon.com Services LLC's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), (Dkt. #33), and Plaintiff Select Research, Ltd.'s ("SRL") Opposed Motion for Leave to File a Second Amended Complaint, (Dkt. #54). Despite being granted an extension, (Dkt. #42), SRL failed to respond to Defendants' motion. After full consideration, the Court concludes that Defendants' Motion to Dismiss should be granted and SRL's Motion for Leave to File a Second Amended Complaint should be denied.

**I. BACKGROUND**

SRL filed its original Complaint against Defendants in this action on September 27, 2023, alleging that Defendants were liable for patent infringement, misappropriation of trade secrets, and breach of contract. (Dkt. #1). SRL thereafter filed its First Amended Complaint for Misappropriation of Trade Secrets, Breach of Contract, and Unjust Enrichment ("First Amended Complaint"), (Dkt. #26), which differs greatly from its original Complaint. SRL's First Amended Complaint drops patent infringement claims entirely, identifies a different set of Amazon entities, and

1

points to different alleged at-issue conduct and products. (Dkt. #26). Thus, what began as a patent infringement case, (Dkt. #1), became a breach of contract and trade secret case that relies on claims that Amazon misappropriated confidential technology, (Dkt. #26).

On April 12, 2024, Defendants filed their Motion to Dismiss, arguing that SRL's First Amended Complaint fails for multiple, independent reasons. (Dkt. #33). In addition to attacking the merits of SRL's claims and arguing that venue in this District is improper, Defendants contend that SRL's First Amended Complaint should be dismissed for lack of personal jurisdiction. Because the Court agrees with Defendants' contention that personal jurisdiction is lacking, it need not reach Defendants' arguments concerning the merits of SRL's claims or venue.

Despite being granted an extension of time to file a response to Defendants' Motion to Dismiss, (Dkt. #41, #42), SRL failed to respond by the Court's deadline and, as of the time of this Order, SRL has yet to file a response. Accordingly, the Court presumes that SRL does not controvert the facts set out by Defendants in their Motion to Dismiss and SRL has no evidence to offer in opposition. *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Instead of responding to Defendants' Motion to Dismiss, SRL improperly filed a Second Amended Complaint, (Dkt. #40), after the deadlines set forth in Rule 15(a)(1) of the Federal Rules of Civil Procedure and without Defendants' consent

or the Court's leave. On May 9, 2024, the Court struck SRL's Second Amended Complaint, informing SRL that it needed Defendants' consent or the Court's leave. (Dkt. #43).

SRL later indicated in the parties' Joint Report that it intended to file a renewed Second Amended Complaint by June 30, 2024, (Dkt. #51), which it did not do. Instead, SRL waited and filed its Opposed Motion for Leave to File a Second Amended Complaint on July 25, 2024—approximately eleven weeks after the Court struck SRL's Second Amended Complaint. (Dkt. #54). During these eleven weeks, SRL neither contacted Defendants to seek consent nor sought leave of Court. SRL's newly filed motion also comes ten weeks after Defendants filed a Notice of Non-Opposition, (Dkt. #45), which SRL never responded to, and a week after Defendants filed their Motion to Change Venue, (Dkt. #53).

The Court considers Defendants' Motion to Dismiss and SRL's Motion for Leave to File a Second Amended Complaint in turn.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to raise the defense that a court lacks personal jurisdiction. The Court's jurisdiction over a defendant is constrained by due process. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To pursue a lawsuit against a defendant, a plaintiff must therefore establish that the defendant maintains adequate contacts with the forum state such that haling him to the State to defend himself would neither be "[un]reasonable" nor offend "traditional notions of fair play and substantial

3

justice." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 141 S.Ct. 1017, 1024, 209 L.Ed. 2d 225 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).[1] "Personal jurisdiction over a defendant can be established under two general theories—either general jurisdiction, which refers to the Court's 'all-purpose' jurisdiction over defendants that are essentially at home in the forum state; or specific jurisdiction, which refers to 'case-linked' jurisdiction arising from a defendant's activities directed toward the forum state." *Brainstorm XX, LLC v. Wierman*, No. 4:21-CV-584-SDJ, 2022 WL 4387858, at *2 (E.D. Tex. Sept. 22, 2022).

The Court evaluates specific jurisdiction using a "three-step" procedure. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). First, the plaintiff must demonstrate that the defendant has minimum contacts with the forum state—meaning, that the defendant purposely directed his activities at the forum state and availed himself of the privilege of doing business in the State. *Id.* Second, the plaintiff must demonstrate that the causes of action asserted against the defendant arise from the defendant's contacts with the forum state. *Id.* And third, after the plaintiff establishes the first two requirements, the burden then shifts to the defendant to prove that maintaining a lawsuit in the forum state would be either "unfair" or "unreasonable." *Id.* Although the burden rests with the plaintiff to establish the core elements of personal jurisdiction, the plaintiff can satisfy that

---

[1] The Court's jurisdiction must also satisfy the forum state's long-arm statute. *Def. Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020). Because the Texas long-arm statute stretches to the constitutional maximum, that statute does not require separate analysis here. *Id.*

4

burden at the pleading stage by simply presenting a prima facie case for jurisdiction. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

### III. DISCUSSION

**A. General Jurisdiction**

The Court does not have general jurisdiction over Defendant Amazon.com, Inc. or Defendant Amazon.com Services LLC. For a corporation, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman,* 571 U.S. 117, 137, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (cleaned up). General jurisdiction is not appropriate even in a place where a corporation "engages in a substantial, continuous, and systematic course of business." *Id.* at 138. To the contrary, where a defendant's level of alleged business activities is "presumably" similar across several states, the "exorbitant" use of such activities as a basis for general jurisdiction "would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* at 139 (cleaned up).

SRL has failed to plead that either Defendant is "essentially at home" in Texas. Rather, SRL concedes that Defendants are Delaware corporations with principal places of business in Washington. (Dkt. #26 ¶¶ 3–4). SRL's jurisdictional allegations are directed to whether the Defendants are engaged in "substantial business activities" in Texas, rather than establishing that the Defendants are "essentially at

home" here. Thus, it is unclear whether SRL is even attempting to plead general jurisdiction. Regardless, the Court concludes that it does not have general jurisdiction over the Defendants.

**B. Specific Jurisdiction**

Likewise, the Court concludes that it does not have specific jurisdiction over the Defendants. SRL has failed to establish a prima facie case that the causes of action asserted against Defendants arise from the Defendants' contacts with the forum state, as would be required to support a lawsuit against them here.

"In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) (cleaned up). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930 n.6, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (noting that "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

SRL's pleadings as to jurisdiction are limited to the following two paragraphs:

> This Court has personal jurisdiction over each of the Defendants at least because Amazon.com and Amazon Services both regularly solicit and conduct business in this District and the State of Texas.
>
> Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to each of their

> substantial business activities in this State and Judicial District, including (a) at least part of their past infringing activities, (b) regularly doing and/or soliciting business, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers.

(Dkt. #26 ¶¶ 7–8). SRL fails entirely to identify an affiliation between Texas and the underlying controversy.[2] Rather, SRL's First Amended Complaint discusses events that allegedly occurred in New York, England, and Luxembourg. *See* (Dkt. #26 ¶¶ 39, 69, 111, 120) (New York and England); (Dkt. #26-1 ¶¶ 48–49) (England); (Dkt. #27-4 at 2) (NDA 1 signatories in New York and England); (Dkt. #26-2 at 4) (NDA 2 signatories in Luxembourg and England). The most the First Amended Complaint says about the trade secret claims is that "[a]t least some of the acts" relevant to those claims "were committed in the United States." (Dkt. #26 ¶¶ 156, 173). And, while the First Amended Complaint makes blanket allegations that "Amazon"[3] has buildings

---

[2] SRL's most specific jurisdictional allegation—that Defendants supposedly performed unidentified infringing activities here—bears no relation to any claim remaining in the case. (Dkt. #26 at 3); *see supra* Section I (discussing that SRL originally brought patent infringement claims).

[3] Moreover, SRL's allegations, at present, fail to demonstrate any individualized conduct taken in the forum state by any of the Defendants. Instead, SRL improperly lumps together the Defendants. *See* (Dkt. #26 ¶¶ 7–8) (alleging "Defendants" perform business activities in this District); (Dkt. #26 ¶ 10) (alleging "Amazon" "owns and/or operates" fulfilment centers in this District). This kind of collective pleading is insufficient to establish personal jurisdiction. *See, e.g., Cunningham v. CBC Conglomerate LLC*, No. 4:17-CV-793, 2018 WL 4039729, at *6 (E.D. Tex. July 27, 2018), *report and recommendation adopted*, No. 4:17-CV-793, 2018 WL 4035958 (E.D. Tex. Aug. 23, 2018). And, in so far as SRL relies on an alter ego theory, it has failed to explain why corporate formalities must be ignored and/or why an alter ego relationship exists. *See id.* at *7 (collecting cases) ("Plaintiff's sole allegation that the Individual defendants are alter egos of their respective single member corporations is insufficient to establish alter ego, and therefore, personal jurisdiction.") (cleaned up); *TrackThings LLC v. Amazon.com, Inc.*, No. 6:21-CV-720-ADA, 2022 WL 1462204, at *4 (W.D. Tex. May 9, 2022) (observing that "[a] bare assertion that the acts of eero and Amazon Services should be imputed, merely because they are subsidiaries, is insufficient.").

7

in this District, *see* (Dkt. #26 ¶ 10), it is devoid of any facts establishing that its claims arise out of events related to those buildings.

In sum, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co.,* 582 U.S. at 265. Accordingly, the Court lacks specific personal jurisdiction over Defendants.[4]

## C. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given when justice so requires. *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). But "[i]t is within the district court's discretion to deny a motion to amend if it is futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). While the Fifth Circuit has not specifically defined "futility" in this context, it has "join[ed] [its] sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. Thus, "[i]f the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 353, 214 L.Ed.2d 170 (2022).

---

[4] Because the Court finds that SRL has failed to establish that its claims arise from Defendants' actions directed toward Texas, it need not evaluate whether SRL has established that Defendants purposefully availed themselves of the benefits and protections of Texas or whether the exercise of jurisdiction would be unreasonable. *See Brainstorm*, 2022 WL 4387858, at *3 n.3 (declining to reach the issue of whether the plaintiff's claims arose from the defendant's actions directed toward the forum or whether the exercise of jurisdiction would be unreasonable because the plaintiff did not plead facts proving purposeful availment).

8

Apart from SRL's unexplained delay in filing its Motion for Leave, its proposed Second Amended Complaint does not fix the issues that Defendants identified in their Motion to Dismiss. SRL's proposed Second Amended Complaint purports to address the jurisdictional issues raised in Defendants' Motion to Dismiss by revising paragraph eight and adding paragraph nine to the complaint's "Jurisdiction and Venue" section. *See* (Dkt. #54-2 at ¶¶ 8, 9). But these two paragraphs do nothing more than make conclusory assertions regarding jurisdiction that are entirely untethered to the remainder of SRL's 237-paragraph complaint, including the approximately 150 paragraphs of factual allegations, literally none of which includes a word about any acts or omissions in Texas, or any other connection with Texas. Instead, as with SRL's prior complaints, the proposed Second Amended Complaint continues to focus on events, meetings, and communications that allegedly occurred in New York, England, and Luxembourg, not in Texas. In short, SRL still fails to assert any plausible, non-conclusory allegations against Defendants supporting a connection with Texas. And because SRL has failed to file any response to Defendants' dismissal motion, SRL also has provided no legal argument whatsoever to support personal jurisdiction. Likewise, the Court presumes that SRL does not controvert the jurisdictional facts set out by Defendants and that SRL has no evidence to offer in opposition to the dismissal motion. *See* Local Rule CV-7(d).

Since SRL's proposed Second Amended Complaint does not properly address the jurisdictional issues that Defendants have raised in their Motion to Dismiss, it would be futile to grant leave to amend. Despite having multiple "bites at the apple,"

SRL has failed to establish a prima facie case for personal jurisdiction. For these reasons, the Court concludes that SRL's Opposed Motion for Leave to File a Second Amended Complaint, (Dkt. #54), should be denied.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), (Dkt. #33), is **GRANTED**.

It is further **ORDERED** that SRL's First Amended Complaint for Misappropriation of Trade Secrets, Breach of Contract, and Unjust Enrichment, (Dkt. #26), is **DISMISSED**.

It is further **ORDERED** that Plaintiff's Opposed Motion for Leave to File a Second Amended Complaint, (Dkt. #54), is **DENIED**.

It is further **ORDERED** that Defendants' Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a), (Dkt. #53), is **DENIED as moot**.

**So ORDERED and SIGNED this 30th day of July, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE